IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRY JEROME HUNT, JR.,

       Petitioner,

v.                                                                    No. 1:20-cv-01170-JDB-jay
                                                                      Re: 1:19-cr-10030-JDB-1
UNITED STATES OF AMERICA,

       Respondent.


ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS


The Petitioner, Terry Jerome Hunt, Jr., has filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255.  (Docket Entry ("D.E.") 1.)[1] For the following reasons, the Petition is DENIED.

BACKGROUND

In March 2019, a federal grand jury sitting in the Western District of Tennessee returned a one-count indictment charging Hunt with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (*United States v. Hunt*, No. 1:19-cr-10030-JDB-1 (W.D. Tenn.) ("1:19-cr-10030-JDB-1"), D.E. 2.)  The charge related to Hunt's possession of a pistol in December 2018. Without a plea agreement with the Government, the defendant pleaded guilty to the sole count. (*Id.*, D.E. 22.)  On October 16, 2019, the undersigned sentenced him to eighty months' incarceration and three years of supervised release.  (*Id.*, D.E. 31.)  No direct appeal was taken.

---

[1]Unless otherwise noted, record citations are to documents filed in the present case.

DISCUSSION

Hunt filed the Petition on August 3, 2020.  Citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the pleading presents the sole claim that Petitioner's plea was not voluntary and knowing because he did not plead guilty to knowing he was a convicted felon.  The inmate argues that the constitutional error is "structural," and thus entitles him to automatic reversal of his conviction even if the evidence would show that he still would have pleaded guilty had he been advised of the prosecution's burden to prove that he knew he was a felon at the time he possessed the firearm. (D.E. 1 at PageID 1.)  The Respondent, the United States of America, responded to the Petition, asserting that the claim fails on the merits.[2]  (D.E. 4.)

I.      § 2255 Legal Standards.

"A prisoner seeking relief under § 2255 must allege either:  (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).  For a petitioner "to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *McWhorter v. United States*, No. 97-6118, 1998

---

[2]Respondent also submits that *Rehaif* is not retroactively applicable on collateral review. After briefing in the present matter was completed, the Sixth Circuit held "in two unpublished decisions [that] *Rehaif* applies retroactively on collateral review."  *Juarico-Cervantes v. United States*, No. 22-1497, 2023 WL 3597251, at *3 n.1 (6th Cir. May 23, 2023) (citing *Baker v. United States*, 848 F. App'x 188, 189 (6th Cir. 2021) and *Kelley v. United States*, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021)).

WL 399620, at *1 (6th Cir. June 11, 1998) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

II.    <u>*Rehaif* Claim.</u>

As relevant here, § 922(g) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]"  18 U.S.C. § 922(g).  In *Rehaif*, the Supreme Court held that, to prove a § 922(g) violation, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Rehaif*, 139 S. Ct. at 2194.

The holding in *Rehaif* has implications for the plea process.  It is fundamental that a guilty plea is not voluntary and knowing if "the defendant [does not] understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty."  *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 618-19 (1998)).  Therefore, post-*Rehaif*, a defendant who pleads guilty to being a felon in possession of a firearm must be advised by the district court during the plea colloquy of the knowledge-of-status element.  *See Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) ("*Rehaif* error[] occurred" when "the District Court failed to advise [the defendant] during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon").

As indicated *supra*, Petitioner posits that the Court's failure to advise him during the plea colloquy that the Government was obligated to prove that he knew he was a felon at the time he possessed the firearm is a structural error mandating automatic reversal of his conviction.  The argument is rejected.

A structural error is one "entitling the defendant to automatic reversal without any inquiry into prejudice." *Weaver v. Massachusetts*, 582 U.S. 286, 290 (2017).  The "category of structural errors" is "highly exceptional."  *Greer*, 141 S. Ct. at 2100.

> By contrast, discrete defects in the criminal process—such as the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy—are not structural because they do not '*necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'

*Id.* (quoting *Neder v. United States*, 527 U.S. 1, 9 (1999)).

Applying these principles, the *Greer* Court held that "a *Rehaif* error in a plea colloquy is . . . not structural."  *Id.*  The Court reasoned that,

> [t]he omission of that *mens rea* element from a plea colloquy . . . does not affect the entire framework within which the proceeding occurs.  And unlike the errors that this Court has found structural, the omission of a single element from a plea colloquy does not deprive defendants of basic protections without which a criminal proceeding cannot reliably serve its function as a vehicle for determination of guilt or innocence.  In short, *Rehaif* errors fit comfortably within the general rule that a constitutional error does not automatically require reversal of a conviction.

*Id.* (internal citations, alteration, and quotation marks omitted).

Hunt does not offer a rationale in support of his *Rehaif* claim other than his structural-error argument.  Therefore, in light of *Greer*, his claim is without merit.

But even if Petitioner had maintained that the *Rehaif* error prejudiced him, he still would not prevail.  More to the point, the idea that he likely would have proceeded to trial had he been told of the prosecution's burden to establish that he knew he was a felon is implausible.  For one thing, he has not alleged that he did not know he was a felon at the time he possessed the firearm; nor has he represented that he could have submitted evidence to the jury that he lacked such

knowledge.  *Cf. id.* at 2097-98 (on direct appeal under plain error review, where defendant did not argue that he "would have presented evidence in the district court that he did not in fact know he was felon when he possessed firearms," he failed to "show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty").

Additionally, the records in Petitioner's underlying criminal case demonstrate that he knew he was a felon when he possessed the firearm.  The draft presentence report advised that his criminal history included two drug-related convictions in state court in 2011, for which he received a sentence of ten years' and three years' custody, respectively, and a 2011 federal conviction for possession with intent to distribute cocaine base, for which he received eighteen months' custody. (No. 1:19-cr-10030-JDB-1, D.E. 24 at ¶¶ 35, 37-38.)  Petitioner did not dispute in his sentencing position paper the draft report's criminal history findings as to those felony convictions.[3]  (*Id.*, D.E. 25.)  In addition, on the day of his sentencing hearing, the inmate signed a written stipulation agreeing that "at all times relevant to the charges in this case, including December 31, 2018, [he] had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year."  (*Id.*, D.E. 30 at PageID 94.)  He further agreed that "the aforementioned facts have been proven beyond a reasonable doubt."  (*Id.*, D.E. 30 at PageID 94.)  Hunt's stipulations make sense, for "[i]f a person is a felon, he ordinarily knows he is a felon."  *Greer*, 141 S. Ct. at 2097.

---

[3]The findings were therefore made part of the final presentence report. (No. 1:19-cr-10030-JDB-1, D.E. 27 at ¶¶ 35, 37-38.)

At bottom, Petitioner knew that he was a felon at the time he possessed the firearm. He therefore cannot demonstrate that the Court's failure "to establish that [he] knew of his status as a prohibited person before accepting his guilty plea . . . 'had a substantial and injurious effect or influence on the guilty plea.'" *United States v. King*, Case No. 18-cr-20637, 2020 WL 7396331, at *2 (E.D. Mich. Dec. 17, 2020) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

For the foregoing reasons, the Petition is DENIED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[4]

IT IS SO ORDERED this 12th day of June 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4]If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.